

**IT IS ORDERED as set forth below:**

**Date: December 13, 2017**

_____
**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | |
| PHILLIP RUSSELL WILBUR, JR., | CASE NO. 16-67262-BEM |
| Debtor. | |
| | CHAPTER 7 |
| LANDA CROWDER, STANLEY CROWDER, and AMY RILEY, | |
| Plaintiffs, | |
| | ADVERSARY PROCEEDING NO. 17-5044-BEM |
| v. | |
| PHILLIP RUSSELL WILBUR, JR., | |
| Defendant. | |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT**

This matter comes before the Court on Defendant's "Answer to Amended Complaint Objecting to Discharge and Motion to Dismiss" (the "Motion to Dismiss"). [Doc. 31].

The Motion to Dismiss seeks to dismiss Counts I, II, III, and VI of Plaintiffs' amended complaint (the "Amended Complaint") [Doc. 30] for failure to state a claim upon which relief may be granted. Counts I, II, and III of the Amended Complaint allege the attorney fees in the amount of $28,639.98 awarded to Plaintiffs in a state court lawsuit are nondischargeable under 11 U.S.C. § 523(a)(5), (a)(15), and (a)(6), respectively. Count VI objects to Defendant's discharge under various subsections of § 727(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), (J).

## I. Background

The Amended Complaint is nearly identical to the original complaint, with all the original counts retained. Defendant filed a motion to dismiss portions of the original complaint [Doc. 8], which the Court granted in part and denied in part (the "Prior Order"). [Doc. 28]. The Court dismissed Counts I and II and, with respect to Count VI dismissed claims under 11 U.S.C. § 727(a)(2)(A), (a)(4)(D), and (a)(6), and gave Plaintiffs an opportunity to amend their complaint to correct the deficiencies in the dismissed claims. The Amended Complaint adds allegations relevant to Count VI, but otherwise remains unchanged. Defendant again seeks dismissal of Counts I, II, III, and VI for failure to state a claim.

## II. Motion to Dismiss Standard

Fed. R. Civ. P. 8(a)(2), made applicable in adversary proceedings by Fed. R. Bankr. P. 7008, sets forth a liberal pleading standard that requires the complaint contain only a "short and plain statement of the claim showing that that the pleader is entitled to relief[.]" To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), made applicable in adversary proceedings by Fed. R. Bankr. P. 7012(b), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'

2

… A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citations omitted). Although the complaint "does not need detailed factual allegations" to survive a motion to dismiss, it "requires more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*, 127 S. Ct. at 1965. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

To the extent Plaintiffs' claims allege fraud, they must survive the heighted pleading standard in Fed. R. Civ. P. 9(b), made applicable to adversary proceedings by Fed. R. Bankr. P. 7009. Under Rule 9(b), a plaintiff is required to "state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).[1] A complaint satisfies Rule 9(b) "if it alerts the defendant to the precise misconduct with which they are charged." *Kerr v. Venetian Casino Resort (In re Medici)*, 524 B.R. 902, 905 (Bankr. N.D. Ga. 2014) (Ellis-Monro, J.) (internal quotation marks and citations omitted).

**III. Factual Allegations**

The Amended Complaint does not alter or remove any of the factual allegations in the original complaint. Therefore, the Court adopts Part II of the Prior Order: "Factual Allegations Applicable to Counts I, II, III, and VI of the Complaint" [Doc. 28 at 3-6], and

---

[1] In the Prior Order, the Court did not apply the Rule 9(b) standard to those fraud-based claims Defendant sought to dismiss.

3

supplements it to include the following allegations, added in the Amended Complaint, which are relevant to Count VI:

Defendant failed to disclose income he received in 2015 as a result of a worker's compensation claim, including without limitation a payment of $4,008.69 on July 30, 2015, and payments of $445.41 on August 4, 2015, August 11, 2015, August 25, 2015, and October 26, 2015. [Amended Complaint ¶ 40]. Defendant failed to disclose a worker's compensation claim and income in the amount of $37,435 received in 2016. [*Id.* ¶ 41]. Defendant has received funds that he has claimed as loans that are actually compensation for work performed for his employer. [*Id.* ¶ 42]. Defendant has failed to disclose income and has falsified loan documentation. [*Id.* ¶ 78-79]. The foregoing new allegations were made on information and belief.

For the calendar year 2014, Defendant reported income of $30,000 on his statement of financial affairs ("SOFA"). [*Id.* ¶ 43]. A review of Defendant's bank records for January 2014 to September 2014 shows deposits in the amount of $44,536.31. [*Id.*]. Bank records for the remainder of the year were not provided. [*Id.*]. For the calendar year 2015, Defendant reported income of $14,000 on his SOFA. [*Id.* ¶ 44]. A review of Defendant's bank records for July 2015 to December 2015 shows deposits in the amount of $19,996.67. [*Id.*]. Bank records for the remainder of the year were not provided. [*Id.*]. For the period of January 1, 2016 to September 30, 2016, Defendant reported income of $19,648 on his SOFA. [*Id.* ¶ 45]. A review of Defendant's bank records for that period shows deposits in the amount of $59,478.96. [*Id.*]

**IV. Counts I, II, and III: 11 U.S.C. §§ 523(a)(5), (a)(15), and (a)(6)**

**A. Domestic Support Obligation § 523(a)(5) and Debt Incurred in Connection With Divorce § 523(a)(15)**

In the Prior Order, the Court dismissed Count I (§ 523(a)(5)) and Count II (§ 523(a)(15)) of the original complaint. The Amended Complaint did not add any new allegations

4

relevant to Plaintiffs' claims under either count, nor do the claims implicate Rule 9(b). Accordingly, the Court adopts its reasoning in the Prior Order and finds that Plaintiffs have failed to state a claim upon which relief may be granted pursuant to 11 U.S.C. § 523(a)(5) and (a)(15), such that Counts I and II of the Amended Complaint will be dismissed.

### B. Willful and Malicious Injury § 523(a)(6)

In the Prior Order, the Court found Plaintiffs stated a claim in Count III under § 523(a)(6). The Amended Complaint did not add any allegations relevant to Plaintiffs' claim under Count III, and the claim does not implicate Rule 9(b). The Motion to Dismiss renews Defendant's request to dismiss the claim and contends that the Amended Complaint does not include allegations to support a finding that Defendant intended Plaintiffs to incur the attorney fees at issue and knew with virtual certainty that they would incur the fees. The Court finds no basis to revisit its prior ruling. Accordingly, the Court adopts its reasoning in the Prior Order and finds that Plaintiffs have stated a claim under § 523(a)(6), such that Count III will not be dismissed.

## V. Count VI: 11 U.S.C. § 727(a)

### A. 11 U.S.C. § 727(a)(3), (a)(4)(A), and (a)(4)(B) – Claims Upheld in the Prior Order

**1. Concealment of Financial Records § 727(a)(3).** In the Prior Order, the Court found Plaintiffs stated a claim under 11 U.S.C. § 727(a)(3). The Amended Complaint does not alter or remove any of the allegations relevant to that claim, and it does not implicate Rule 9(b). Accordingly, the Court will adopt its reasoning as to § 727(a)(3) in the Prior Order, and the claim will not be dismissed.

**2. False Oath § 727(a)(4)(A).** In the Prior Order, the Court found Plaintiffs stated a claim under 11 U.S.C. § 727(a)(4)(A). The Amended Complaint does not alter

5

or remove any of the allegations relevant to that claim. However, the claim includes elements of fraud, and the Court did not previously apply the heightened pleading standard of Rule 9(b). Therefore, the Court will now apply Rule 9(b) and consider any new allegations that are relevant to the claim.

To state a claim for objection to discharge under § 727(a)(4)(A), Plaintiffs must allege sufficient facts to show Defendant made a false oath in connection with the case that is fraudulent and material. *Bank of Am. v. Seligman (In re Seligman)*, 478 B.R. 497, 504 (Bankr. N.D. Ga. 2012) (Ellis-Monro, J.) (citing *Swicegood v. Ginn*, 924 F.2d 230, 232 (11th Cir. 1991)). A false oath, which includes omissions from the schedules and SOFA, is material when "'it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property.'" *Id.* (quoting *Chalik v. Moorefield (In re Chalik)*, 748 F.2d 616, 618 (11th Cir. 1984)). Fraudulent intent may be inferred from the circumstances. *Id.*

The Amended Complaint alleges Defendant failed to disclose income. It alleges Defendant's SOFA shows he earned $19,648 in 2016, $14,000 in 2015, and 30,000 in 2014, but that his partial bank records show deposits of $44,536.31 for January to September 2014, deposits of $19,996.67 for July to December 2015, and deposits of $59,478.96 for January to September 2016. Furthermore, the Amended Complaint alleges Defendant received income from workers compensation in 2015 and 2016 that was not disclosed in the bankruptcy filings.[2] Finally, the Amended Complaint alleges that Defendant received money from his employer that

---

[2] The new allegations with respect to worker's compensation were made on information and belief, which "usually do[es] not satisfy the particularity requirement of Rule 9(b), unless accompanied by a statement of the facts upon which the pleader's belief is founded, but the application of the rule may be relaxed as to matters peculiarly within the opposing party's knowledge that the pleader is not privy to at the time the document is being drafted." 5A Fed. Prac. & Proc. § 1298 (3d ed.). Here, not only have Plaintiffs given specifics as to the dates and amounts of worker's compensation payments, but Defendant acknowledged receiving undisclosed worker's compensation in the Motion to Dismiss. [Doc. 31 at 12]. In such circumstances, alleging facts on information and belief is not fatal to Plaintiffs' claim.

6

Defendant claims was a loan but was actually compensation for work and that Defendant falsified loan documents.

With respect to underreporting income, Defendant argues that the Complaint does not specify the source of the excess bank deposits or allege that they are income from employment. Defendant further argues that the worker's compensation income is exempt from creditors' claims and need not be disclosed in the schedules. Furthermore, the omission of the worker's compensation payments was inadvertent because Defendant did not consider them income, and the omission was not material because the payments are neither property of the estate nor disposable income.[3] However, the SOFA requires a debtor to disclose income from all sources in the prior two calendar years, not just income from employment. The Official Form provides examples of non-employment income, including: "alimony; child support; Social Security, unemployment, and other public benefit payments; pensions, rental income; interests; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings." [Official Form 107, line 5]. Nothing in the Form or the Code allows a debtor to omit prepetition income because it is exempt, is not property of the estate, or is not disposable income.[4]

With respect to the allegations regarding the employer loan, Defendant argues that his counsel provided a copy of the employer loan document to Plaintiffs' counsel and that Plaintiffs have not alleged any facts to substantiate their assertion that the loan documents were falsified. The Court will not consider the allegation that Defendant falsified the loan documents as it was made on information and belief without any factual basis and without stating Plaintiffs'

---

[3] Defendant also states in the Motion to Dismiss that he will amend the SOFA to reflect the worker's compensation claim. [Doc. 31 at 12]. The Motion to Dismiss was filed on August 23, 2017. As of December 11, 2017, Defendant has not filed an amended SOFA.

[4] *In re Fullwood*, 446 B.R. 634 (Bankr. S.D. Ga. 2010), cited by Defendant, states that "Workers' Compensation awards are specifically exempted from creditors' claims and need not be added to debtors' schedules, as they are irrelevant to creditors' recovery." *Id.* at 638. However, *Fullwood* differs from this case in that it was a chapter 13 case, and the worker's compensation claim and payments arose postpetition rather than prepetition. *Id.* at 635.

7

basis for believing it. But even disregarding the employer loan allegations, the Amended Complaint alleges sufficient facts with sufficient specificity to state a claim under § 727(a)(4)(A), although factual issues with respect to intent and materiality remain to be resolved on the merits.

**3. False Claim § 727(a)(4)(B).** In the Prior Order, the Court found Plaintiffs stated a claim under 11 U.S.C. § 727(a)(4)(B). The Amended Complaint does not alter or remove any of the allegations relevant to that claim. However, the claim includes elements of fraud, and the Court did not previously apply the heightened pleading standard of Rule 9(b). Therefore, the Court will now apply Rule 9(b) and consider any new allegations relevant to the claim.

To state a claim for objection to discharge under § 727(a)(4)(B), Plaintiffs must allege sufficient facts to show Defendant presented a false claim in the bankruptcy case with intent to defraud. The "claim" in § 727(a)(4)(B) generally refers to "bankruptcy 'claims' as defined in 11 U.S.C. § 101(5) (i.e., rights to payments) rather than assertions, representations, and statements." *Jackson v. Jackson (In re Jackson)*, 548 B.R. 353, 385 (Bankr. N.D. Ga. 2016) (Bonapfel, J.) (citations omitted). Thus, the question is whether Defendant engaged in conduct such as scheduling non-existent debts, inflating the amount of debts, or filing false proofs of claim. *See Parnes v. Parnes (In re Parnes)*, 200 B.R. 710, 722 (Bankr. N.D. Ga. 1996) (Bihary, J.).

The only allegations that appear related to a claim under § 727(a)(4)(B) are that Defendant amended his Schedule F to include his employer as an unsecured creditor with a debt of $47,000. Later, at Defendant's 2004 examination, Defendant acknowledged receiving non-wage money from his employer that constituted loans. Defendant later failed to produce any

8

documentation regarding the loans. And, although Defendant claims the funds were a loan, they are actually compensation for work performed for his employer.[5]

Defendant argues that after filing his original motion to dismiss, his attorney provided a copy of the loan document to Plaintiffs' attorney. Notwithstanding Defendant's contention, which is more properly considered on the merits, the Amended Complaint clearly identifies the alleged false claim by reference to a specific transaction and identifies Plaintiffs' concerns with the transaction. Accordingly, Plaintiffs' claim under § 727(a)(4)(B) satisfies Rule 9(b) and will not be dismissed.

**B. 11 U.S.C. § 727(a)(2)(A), (a)(4)(D), and (a)(6) – Claims Dismissed in the Prior Order**

**1. Withholding Recorded Information § 727(a)(4)(D) and Failure to Obey a Court Order § 727(a)(6).** In the Prior Order, the Court found that Plaintiffs failed to state a claim under § 727(a)(4)(D) and (a)(6). The new allegations in the Amended Complaint are not relevant to these claims, and neither subsection implicates Rule 9(b). Accordingly, the Court will adopt its reasoning in the Prior Order and will dismiss the claims under § 727(a)(4)(D) and (a)(6).

**2. Fraudulent Prepetition Transfer § 727(a)(2)(A).** In the Prior Order, the Court found that Plaintiffs failed to state a claim under § 727(a)(2)(A). The remaining question is whether the allegations in the Amended Complaint analyzed under Rule 9(b) are sufficient to state a claim for relief under § 727(a)(2)(A). To state a claim for objection to discharge under § 727(a)(2)(A), Plaintiffs must allege sufficient facts to show: "(1) that the act complained of was done within one year prior to the date the petition was filed, (2) with actual intent to hinder, delay, or defraud a creditor, (3) that the act was that of the debtor, and (4) that

---

[5] As explained above, the Court will not consider the allegation that Defendant falsified loan documents in deciding whether Plaintiffs have stated a claim for relief.

9

the act consisted [of] transferring, removing, destroying, or concealing any of the debtor's property." *Jennings v. Maxfield (In re Jennings)*, 533 F.3d 1333, 1339 (11th Cir. 2008). "In cases where there has *not* been a transfer of property, courts have defined concealment as including the withholding of knowledge or information required by law to be made known." *Buckeye Retirement Co., LLC, LTD v. Swegan (In re Swegan)*, 383 B.R. 646, 654 (BAP 6th Cir. 2008) (citing *Peterson v. Scott (In re Scott)*, 172 F.3d 959, 967 (7th Cir. 1999)) (emphasis in original).

Defendant filed his bankruptcy case on September 30, 2016. The Amended Complaint alleges various omissions of income from the SOFA for 2015 and 2016. The Amended Complaint further alleges that Defendant failed to turn over bank records for part of the one-year period prior to the petition date, as required by the Court's order authorizing Defendant's 2004 examination. Defendant argues that the allegations with respect to § 727(a)(2)(A) amount to nothing more than general conclusory statements without supporting facts.

The Amended Complaint alleges that Defendant failed to disclose the worker's compensation payments on his SOFA and misrepresented earnings as an employer loan coupled with failure to provide bank statements, which the Court can reasonably infer may contain information with regard to these payments. Thus, Plaintiffs have alleged sufficient facts with sufficient specificity to withstand Defendant's Motion to Dismiss with respect to § 727(a)(2)(A)

## VI. CONCLUSION

Defendant's Motion to Dismiss seeks dismissal of Counts I, II, III, and VI of Plaintiffs' Complaint. Plaintiffs have failed to state a claim for relief under § 523(a)(5) and (a)(15) in Counts I and II because they have failed to allege facts showing the debt at issue is a DSO or was incurred in connection with a divorce proceeding. Therefore, the Court will grant

Defendant's Motion to Dismiss as to Counts I and II of the Complaint. Plaintiffs have also failed to state a claim for relief under § 727(a)(4)(D) and (a)(6) in Count VI based primarily on Defendant's failure to produce complete bank records and loan documentation and failure to disclose all sources of prepetition income without any factual basis from which the Court can infer that the failure was in any way fraudulent, deceptive, or otherwise indicative of the type of bad faith conduct governed by § 727(a). Therefore the Court will grant Defendant's Motion to Dismiss as to Count VI of the Complaint to the extent it seeks relief under § 727(a)(4)(D) and (a)(6).

Plaintiffs have alleged sufficient facts to state a claim for relief in Count III under § 523(a)(6) that the debt was incurred as a result of willful and malicious injury against Plaintiffs or their property. Plaintiffs have also alleged sufficient facts to state a claim for relief in Count VI under § 727(a)(2)(A), (a)(3), (a)(4)(A), and (a)(4)(B) due to Defendant's failure to produce certain financial documents. Therefore, the Court will deny Defendant's Motion to Dismiss as to Count III of the Complaint and as to Count VI of the Complaint to the extent is seeks relief under § 727(a)(2)(A), (a)(3), (a)(4)(A), and (a)(4)(B). For the foregoing reasons, it is

ORDERED that Counts I and II of the Complaint, and claims under § 727(a)(4)(D) and (a)(6) of Count VI of the Complaint are DISMISSED; it is further

ORDERED that the parties shall proceed in accordance with the Consent Order Extending Deadlines Contained in Report of Rule 26(f) Conference [Doc. 33], entered on September 21, 2017.

**END OF ORDER**

## Distribution List

Ian M Falcone
The Falcone Law Firm PC
363 Lawrence Street
Marietta, GA 30060

Landa Crowder
Stanley Crowder
521 Blackberry Run Trail
Dallas, GA 30132

Amy Riley
721 Bent Leaf Drive
Dallas, GA 30132

Karen King
King & King Law LLC
215 Pryor Street
Atlanta, GA 30303

Alaina Joseph
King & King Law LLC
215 Pryor Street
Atlanta, GA 30303

Phillip Russell Wilbur, Jr.
3104 Superior Dr.
Dacula, GA 30019

Cathy L. Scarver
P. O. Box 672587
Marietta, GA 30006